UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Petitioners, <br> v. <br><br> BRUCE WILLIAMS, <br><br> Respondent. | 1:08-cv-01568-AWI-SMS <br><br> ORDER DIRECTING THE CLERK TO RETURN PAPERS TO RESPONDENT <br><br> FINDINGS AND RECOMMENDATION RE: PETITION TO ENFORCE IRS SUMMONS (DOCS. 1, 6) |

Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(9) and 72-303. Pending before the Court is a revised petition to enforce a summons issued by the Internal Revenue Service (IRS).

I. Background

On October 17, 2008, Petitioners United States of America and revenue officer Marilyn Collins filed a petition to enforce an IRS summons; a revised petition was filed on October 27, 2008, along with a proposed order, declaration of revenue agent Marilyn Collins, and supporting memorandum. The petition and related documents were served on Respondent Williams on December 12, 2008. (Doc. 9.) Pursuant to Petitioners' request, an order to

1  show cause issued on October 24, 2008, setting January 16, 2009,
2  as the time at which Respondent was to appear and show cause why
3  he should not be required to obey an IRS summons that had issued
4  and had been served on him; a time for the filing of a written
5  response to the petition was set in the order. The Court
6  subsequently issued several orders continuing the hearing on the
7  order to show cause, with Petitioners and Respondent appearing on
8  March 13, 2009 and reaching an apparent agreement concerning
9  compliance with the summons in question. Thereafter, a continued
10 hearing on the order to show cause was rescheduled several times
11 for the Court's convenience, with the most recent order setting
12 the hearing for August 14, 2009. The order setting the hearing of
13 August 14 was served by the Court upon Respondent on June 8,
14 2009, by mail and by fax.
15      No response to the petition has been filed. Plaintiff did
16 file a notice and declaration of revocation of a power of
17 attorney on August 11, 2009. However, this document does not
18 appear to respond to the petition or otherwise inform the Court
19 with respect to matters pertinent to the order to show cause.
20      Further, on August 5, 2009, Respondent filed a motion to
21 dismiss the action. Such a motion is a dispositive proceeding and
22 thus is not before the Magistrate Judge, before whom only the
23 order to show cause and petition are proceeding for preparation
24 of findings and recommendations.
25      On August 13, 2009, the government filed a supplemental
26 declaration and proof of service thereof.
27      On August 14, 2009, the order to show cause came on for
28 hearing at 9:30 a.m. in Courtroom 7 before the Honorable Sandra

M. Snyder, United States Magistrate Judge. Alyson A. Berg of the United States Attorney's Office appeared on behalf of Petitioners; no appearance was made by Respondent or by anyone on his behalf. After argument the matter was submitted to the Court.

## II. Petition to Enforce IRS Summons

The IRS is authorized to examine papers or data which may be relevant or material in determining the correctness of a tax return or the liability of any person for any internal revenue tax. 26 U.S.C. § 7602(a)(1). It has the authority to issue summonses for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a); Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir.1999).

To defeat a motion to quash, or in order to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964); Crystal v. United States, 172 F.3d at 1143-44. The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990); Liberty Financial Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985). Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process, Abrahams,

3


1  905 F.2d at 1280; Liberty Financial, 778 F.2d at 1392, or the
2  lack of institutional good faith, Anaya, 815 F.2d at 1377. United
3  States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).
4       Here, agent Collins declared that as a duly commissioned
5  revenue officer employed by the IRS, she was authorized to issue
6  the IRS summons pursuant to 26 U.S.C. § 7602; she did so in the
7  course of conducting an investigation to investigate the tax
8  liabilities of Respondent for the tax years 1998 through 2003.
9  Collins declared that she believed from her knowledge of
10 financial practices that Respondent had knowledge that could aid
11 in carrying out the investigation. Collins issued an IRS summons
12 on June 4, 2008, directing Respondent to appear before her on
13 June 25, 2008, to provide testimony and documents relating to the
14 investigation. (Decl. ¶¶ 1-3.) She left an attested copy of the
15 summons at Respondent's usual place of abode on June 5, 2008.
16 (Id. ¶ 4.)
17      The summons to Respondent Bruce Williams summoned him to
18 appear before Officer Collins, to give testimony, and to bring
19 with him and to produce for examination books, records, papers,
20 and other data relating to the tax liability or collection
21 thereof or for the purpose of inquiring into any offense
22 connected with the administration or enforcement of the internal
23 revenue laws concerning Respondent for the relevant periods,
24 including all documents in his possession and control reflecting
25 the assets and liabilities of the taxpayer, including but not
26 limited to all bank statements, checkbooks, canceled checks,
27 savings account passbooks, and records of certificates of
28 deposit, for the period January 1, 2007, to May 31, 2008,

4

regarding accounts or assets held in the taxpayer's name or for his benefit; and all records or documents regarding stocks and bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles, and life or health insurance policies currently in force, any of which items are owned, wholly or partially, by the taxpayer, in which the taxpayer has a security interest, or held for the benefit of the taxpayer, so that a collection information statement could be prepared. (Decl. Ex. A.)

Collins declared that Respondent did appear on June 25, 2008, but he failed to provide testimony and documents as required by the summons. Respondent's failure to comply continues, and the information sought by the summons is not already in the possession of the IRS. (Decl. ¶¶ 5-7.) Further, all administrative steps required by the IRS had been undertaken, and no criminal referral to the Department of Justice was in effect with respect to Respondent's tax liability for the subject years. (Id. ¶¶ 8-9.)

Petitioners have thus established that the subpoena was issued for a legitimate purpose and seeks information relevant to the purpose that is not already within the IRS's possession; further, it is demonstrated that all of the administrative steps required by the Internal Revenue Code have been satisfied. A prima facie case has been made. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).

Respondent has not submitted any evidence of bad faith or improper purpose.

In summary, the Court finds that enforcement of the IRS

summons should be ordered.

### III. Return of Papers

Respondent previously submitted to the Court papers which do not appear to respond to the petition or otherwise constitute a recognizable legal filing. Accordingly, the Clerk IS DIRECTED to return the papers to Respondent.

### IV. Recommendation

Accordingly, it IS RECOMMENDED that

1) Petitioners' petition to enforce the IRS summons BE GRANTED; and

2) Respondent BE ORDERED to appear before Revenue Officer Collins, provide testimony, and bring with him and produce for examination documents in obedience to the summons on October 21, 2009, at 9:00 a.m. at the United States Attorney's Office at 2500 Tulare Street, Suite 4401, Fresno, California, 93721.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 17, 2009**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE