IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and MARILYN COLLINS, revenue officer, Internal Revenue Service,<br><br>    Plaintiffs,<br>    v.<br><br>BRUCE WILLIAMS,<br><br>    Defendant. | 1:08-CV-1568  AWI SMS<br><br>ORDER ON DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 36) |

    This case was brought by Plaintiffs to enforce a summons issued by the United States Internal Revenue Service ("IRS"), through revenue officer Marilyn Collins ("Collins"), against Defendant Bruce Williams ("Williams").  A show cause hearing was held before the Magistrate Judge on August 14, 2009; Williams did not appear.  See Court's Docket Doc. No. 31.  On August 18, 2009, the Magistrate Judge entered findings and recommendations that recommended Plaintiffs' petition to enforce summons be granted and that Williams be ordered to appear before Collins with the documents that were the subject of the IRS summons.  See id. at 30.  On October 7, 2009, the Court adopted the findings and recommendation in full.[1]  See id. at Doc. No. 35.  On October 8, 2009, the Clerk closed the case.

---

[1] On September 21, 2009, Williams requested a ten (10) day extension in which to file objections. See Court's Docket Doc. No. 34.

On October 19, 2009, Williams filed a motion for temporary restraining order ("TRO"). See id. at Doc. No. 36. Williams requests that the Court discharge the show cause hearing and issue a TRO that prevents Collins from having any contact with Williams in light of a complaint that Williams sent to *inter alia* the IRS Commissioner's Complaint Processing and Analysis Group and the Treasury Inspector General for Tax Administration. See id. Williams's complaint against Collins is based in part on Collins's conduct towards Williams during a June 2008 meeting. See id. Williams indicates that Collins was rude and made intimidating remarks when speaking to an armed security guard. See id. Apparently in separate incidents, Williams states that Collins made derogatory statements about him to third parties and that Collins is abusing the United States Court System. See id. Williams's "administrative complaint" against Collins is dated October 19, 2009. See id. Williams is appearing *pro se*.

*Legal Standard*

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001). The Ninth Circuit has explained the criteria for issuing a preliminary injunction (and therefore also a temporary restraining order) as follows:

> Under the 'traditional' test, a party must demonstrate: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Global Horizons, Inc. v. United States DOL, 510 F.3d 1054, 1057 (9th Cir. 2007); Earth Island Inst. v. United States Forest Serv., 442 F.3d 1147, 1158 (9th Cir. 2006). "[U]nder either criteria, where a plaintiff fails to even raise serious questions about its likelihood of success, an injunction may not issue." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007);

2

see also Global Horizons, 510 F.3d at 1058.

*Discussion*

Relief is not warranted.  First, to the extent that Williams's motion is a request to reconsider the order adopting the findings and recommendations, Williams has presented no valid reason for reconsideration.  See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (discussing criteria for altering or amending a judgment under Rule 59(e)); Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003) (same); see also Local Rule 78-230(k).  Second, there are inadequate showings of either harm to Williams or the possibility of success on the merits for Williams.  See Global Horizons, 510 F.3d at 1058; Oey, 505 F.3d at 902.  Third, the order to show cause hearing occurred two months ago.  There is no longer a hearing for the Court to discharge.

For these reasons, Williams's motion will be denied.


Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for temporary restraining order is DENIED; and
2. This case remains closed.


IT IS SO ORDERED.

**Dated:   October 19, 2009**                    /s/ Anthony W. Ishii
                                                 CHIEF UNITED STATES DISTRICT JUDGE

daw                                              3